This is 4-14-0974, Kirk Allen versus the State Health and Family Services Department. For the appellant is Attorney Yasmeen Baig. Did I say that correctly? Yasmeen. For the appellee is Jonan Fabriano. Sorry? Janan Fabriano. Say that again? Noir. Fabriano. Hmm. They were a little sheep-type wrong. Gotcha now. Alright, Ms. Baig, are you ready to proceed? I am. May it please the Court, my name is Yasmeen Baig, and I represent the plaintiff slash appellant in this case, Kirk Allen. This case deals with the Illinois Freedom of Information Act and my client's right to be heard, as well as his rights as a taxpaying citizen to be entitled to full and complete information regarding the affairs of government. The trial court in this case denied my client's motion for reconsideration and my client's motion for finding that the defendants have admitted the facts of the request to admit. These pleadings have addressed essential elements of the Freedom of Information Act that desperately need clarification by the appellate court. We respectfully request that the appellate court reverse the findings of the trial court in accordance with the Freedom of Information Act, which tells us, and I quote from the act itself, access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments, and monitoring government to ensure that it is being conducted in the public interest. I'd like to discuss today three main points with the court. First, I would like to discuss my client's right to have the trial court reconsider their order based on the acquisition of the newly discovered evidence. Second, I would like to discuss the defendant's failure to originally provide all documents and the defendant's subsequent misrepresentations. Finally, I would like to discuss why my client's motion for finding that the defendants have admitted the facts and the genuineness of the documents should not have been denied. So first I'd like to discuss my client's right to have the trial court reconsider the order based on the acquisition of newly discovered evidence, and I'm talking about the motion for reconsideration. As you know, he filed the motion for reconsideration in a timely manner 30 days after the entry of the judgment, and it was based on newly discovered evidence that coincidentally was also a Freedom of Information Act request response to Representative Dwight Kaye and was attached to the motion to admit later on. I know there were some questions concerning whether or not the evidence was available prior to the original hearing and whether or not the plaintiff had access to it. We do know that the evidence was not available prior to the hearing because he... First of all, he filed the original Freedom of Information Act request, to which the defendant at that point should have provided all of the relevant documentation. He had conversation via email back and forth with the defendants, requesting the documentation, getting more information, asking questions about central management services. He did everything that he was supposed to do in terms of filing a complaint before the trial court, and they're saying that he should have been able to get the evidence beforehand, but I disagree because this is a very particular kind of case. It has to do with acquiring documentation from a government body, and the evidence is finite. It's not, for example, a criminal case concerning a robbery of a store where the only evidence is security footage in that store in one location and there's only one camera, and the party went to hearing and simply failed to get that one particular videotape. This is a case where he pursued all avenues he could to retrieve the documents. Like I said, he originally asked for the documents from the defendants. He should have provided them originally. He worked with them. He asked for the documents at hearing. He filed a proper complaint. They brought with them documents to the original hearings, and they told the trial court that they provided everything. It wasn't until later on that they learned from another source that there were additional documents. Were those requests identical, the request by Representative Kaye and a request by your client? They were not identical, Judge, but there was an overlap. I believe Representative Kaye's had a longer time window, and so what we were looking at was, well, there is a little bit of extra time, but it does overlap with our request. We admit that anything outside of the boundaries of our request, that's not anything that the plaintiff would be interested in, nor would that be something that the defendants need that they should have provided to the plaintiff. But there definitely was an overlap, and there may have been some confusion because they weren't identical, but like I said, there was an overlap, and the reason we chose to provide the entirety of the response to Representative Kaye was just to be efficient to show the court everything that was there. And because it was sent out from the defendants to Representative Kaye in sort of in one document, in one email, one go, we figured that the defendants would have stored the response in their system that way, and so that's the reason that we said that we provided everything like that in the motion to the request to be made. How do we know that the department didn't fully comply with both FOIA requests? In other words, what is in the record that demonstrates that the response to your client's FOIA request was inadequate in view of Representative Kaye's request? Because the problem is we don't have the documents that you suggest were in addition, that were produced in response to Representative Kaye's request. Those aren't part of the record here. They're not identified. We don't even know what they pertain to. So because the requests weren't identical, as Justice Holder White identified here, they are different. Couldn't it be that the additional documents pertain to this different, longer period of time that was set forth in Representative Kaye's request, and both responses could have been perfectly adequate? Well, I think it was the fault of the trial court to deny the motion for reconsideration, because if they had allowed the motion for reconsideration, we would be able to put on evidence and show the court side-by-side the responses that the plaintiff in this case received, alongside the responses that Representative Kaye received. But how could it grant the motion to reconsider if it didn't have the additional documentation you're saying was provided in response to Representative Kaye's request? It was just generically referred to as additional information, which will be supplied later. It was in the information to be supplied later that was in the motion or the request to admit. The motion to reconsider? Didn't you use the phrasing that the additional documentation would be supplied to the trial court at a later time? Yes. The additional documentation was in the request to admit, which included the response to Representative Kaye. The request to admit is a discovery tool. I mean, it's not something that is presented to the court. So, I mean, you're talking about something different than the motion to reconsider. Well, wouldn't the request to admit not be a discovery tool, and wouldn't it be simply a way to admit facts and bypass discovery? Well, did you make the request to admit an exhibit to the motion to reconsider? No. The request to admit was a separate document. And was the case over basically at the time you served the request to admit? The order was entered, we filed the motion for reconsideration, and then we filed the request to admit, which had the additional documents attached to it. If I may. In regards to, I know at the trial court, when we went back for the motion for reconsideration and the request to ask the trial court to admit the facts, they talked about the 245 documents that were referenced in a letter on October 23, 2013, from the defendants, saying that the remainder of the 245 documents were not responsive. The defendants said that the relevant and responsive documents, in that letter they said that they were provided. So, contrary to the assertions made before the trial court, the plaintiff was not put on notice that the defendant would have any more relevant documentation. Like I said, the plaintiff tried to obtain all relevant documents prior to his Freedom of Information Act request by submitting the actual request, by communicating with the defendants, and filing a complaint before the trial court. If the defendants did not provide the documents to the plaintiff after all of this work by the plaintiff, they certainly were not going to provide the documents to the plaintiff some other way, through some other discovery method, even though there was no other way for the plaintiff to retrieve the documents. Furthermore, the Freedom of Information Act is to be construed liberally to achieve the goal of providing the public with access to government information, not to force the plaintiffs to search for documents in ways that are beyond their means. If defendant public bodies do not provide documents, they do not provide documents. There is no pursuit mechanism, as I said in my brief, in the Freedom of Information Act for requesters to use when defendant public bodies are not providing the documents, or claiming that the documents are not relevant, or do not fall into the boundaries of the request. The only avenue the plaintiff had left was to go to the hearing at the trial court level, where the defendant was supposed to bring all the relevant documentation. Defendants did not. They only provided some of the documents, and it wasn't until later on that the plaintiff learned that there were additional documents. Because some of the documents were provided to Representative Kaye, and should have been provided to the plaintiff, we see that the defendants misled the plaintiff and the trial court. Because the trial court said that the plaintiff should have known about the remainder of the emails, and clearly there was no way for the plaintiff to have known that they were relevant, the trial court's decision should be reversed and remanded. Plaintiff, after utilizing his right to seek judicial review by lawsuit in the State Circuit Court, still did not receive the requested documentation. Additionally, in accordance with Freedom of Information Act 14011E, plaintiff did pray the trial court to order the defendants to prepare an affidavit, and the trial court should have done so. As you know, the Freedom of Information Act does say, in motion of the plaintiff, prior to or after an in-camera inspection, and there was an in-camera inspection, the court shall order the public body to provide an index of the records to which access has been denied, which should include a description, the nature of the contents of each document, for each deletion from a release document, provided, however, that the public body shall not be required to disclose the information document withheld, or each deletion from a release document, provided, however, that they shall not be required to disclose the information which it asserts is exempt, and a statement of the exemption or exemptions claimed for each such deletion. So in accordance with the state law, the evidence was newly discovered, and plaintiff showed that the evidence was material and would probably change the order. In a subsequent hearing to rehear the original complaint, the Freedom of Information Act response to Dwight K. would probably show that there were documents available to the defendants that were part of the plaintiff's original Freedom of Information Act request, and which they failed to provide. There was an abuse of discretion by the trial court, in that no reasonable person would have denied the newly discovered evidence, would probably change the order. Secondly, I would like to also discuss the defendant's failure to originally provide all documents and their subsequent misrepresentations. Prior to the original January 23, 2014 hearing, the defendant's policy represented to the plaintiff and to the circuit court that defendants had provided all relevant documentation not qualifying for exemption pursuant to the Freedom of Information Act request. Not only did the defendants misrepresent the nature of the remaining 245 documents, but the trial court relied on this misrepresentation, and subsequently incorrectly denied the motions. Finally, I'd like to discuss why the motion for finding that defendants have admitted the facts and the genuineness of the documents should not have been denied. Before you get to that, and I know you're running out of time, but I just want to comment on something. The plaintiff filed his motion to reconsider on February 20, 2014. The hearing on that motion was not until October 7, 2014, so more than seven months afterwards. Why was the hearing delayed that long? It was delayed that long simply because we were getting the documentation together from Representative Kaye, and we did address this at the hearing. Unfortunately, it was delayed a little bit. It took some time. Originally, we were going to provide each of the individual documents that were provided to Representative Kaye as a separate document to which they should admit genuineness. What we ended up doing is providing the whole thing because it was one responsive document containing many emails to Representative Kaye. We sent that to them. In the interim, we sent the motion to admit. We received a letter back, and then we filed the motion for finding that they have admitted the facts. All those events took place over those several months. The request to admit, as we've commented, is a discovery tool. You already had a judgment, an adverse judgment. Can you propound discovery following a judgment like that? Wouldn't it be, as I said, simply a means to get the facts of the documents admitted and not necessarily discovery? Essentially, the reason that we did any type of reconsideration is because the newly discovered evidence was documentation. It was simply our attempt to get that admitted before going into the hearing. With respect to the plaintiff's motion for finding that the defendants have admitted the facts, this should not have been denied. We did receive a July 14, 2014 letter, which was not sufficient to satisfy the Supreme Court rule 216. Which says, each of the matters of fact and genuineness of each document of which admission is requested is admitted and lost within 28 days after service. Thereof, the party to whom the request is directed serves upon the party requesting the admission either of one, and there's two things, a sworn statement, specifically denying the matters of which admission is requested or setting forth in detail why he cannot truthfully admit or deny. So we've got one portion, which is a sworn statement as to why he cannot truthfully admit or deny. And the second is, or written objections on the ground that some or all of the requested admissions are privileged or irrelevant, that the request is otherwise improper in whole or in part. So in this case, defendants in their letter stated that they simply could not admit or deny the genuineness of the document. So that falls under one, which would require a sworn statement. Now two would simply require written objections, but because theirs is why they cannot admit or deny the genuineness of the documents and the facts, they needed a sworn statement. And they talk about the failure to include the 216G warning, which says if you fail to serve the response required by 216 within 28 days after you are served this document, all facts set forth in the request will be deemed true, and all documents described in the request will be deemed genuine. However, defendants in this case did not fail to serve the response. They served an albeit improper, in our opinion, response. And the 216G warning warns recipients of these documents that if you do not respond to the facts, if you do not respond, the facts will be deemed true and the documents deemed genuine. Now this would be an issue if, for example, if the defendants simply did not respond at all and then we filed something to have it admitted by the court, and then the defendants showed up and said, well, there was no warning. That's why we didn't respond. But they did try to respond, although we do argue that they responded improperly. Because they attempted to respond, it forfeits the warning, because it applies only to those who do not respond at all, and they responded improperly, which is the reason why the plaintiff asked the court to order that the facts have been deemed true and the documents deemed genuine. Finally, in this matter, the plaintiff did ask the court in the pleadings to either, one, enter an order saying that the facts are asserted and the documents are genuine, or two, enter an order compelling the defendants to file a response of pleading to the request to admit facts and genuineness of documents. So the trial court should have, if, and we do still argue that we could have an order saying that the facts are asserted and the documents are genuine, but if the court chose not to do that, they could enter an order compelling them to file a proper response of pleading to our request to admit, and then set it for a later date to continue with this matter and with the matter concerning reconsideration. That's all I have at this time. Thank you. Thank you, counsel. Ms. Fabiano? May it please the court, I'm Janet Fabiano. I'm here on behalf of the defendant, Apolise. The circuit court's order denying the plaintiff's motion to reconsider should be affirmed. The plaintiff was asking the court to reconsider its prior order based on its claim of newly discovered evidence, but the plaintiff never specified for the court the particular documents that they were claiming was newly discovered evidence, and they never showed that this evidence wasn't available to them at the time of the original hearing. To justify setting aside an order based on a claim of newly discovered evidence, a party must show that the evidence could not have been discovered and obtained through due diligence before the original hearing, and that it is material and not cumulative, and that if considered it would probably change the circuit court's decision. And here they didn't show any of that. In their motion to reconsider, they simply stated that the department had responded to a comparable FOIA request after the circuit court entered its final order and provided 40 additional documents. But they never showed that that FOIA request was the same as the plaintiff's FOIA request, and in fact they acknowledged that the request was broader in terms of its time frame than the plaintiff's FOIA request. So the fact that a broader FOIA request may have resulted in the plaintiff receiving, or may have resulted in the requester receiving more documents than the plaintiff, doesn't show anything as to whether the plaintiff received what they had asked for in their FOIA request. And in their motion they did not identify any specific documents they were claiming they should have but didn't receive, and as a result they didn't provide any explanation as to why they were unable to obtain those documents at the time of the original hearing, and that if considered would be likely to change the circuit court's decision in the case. And while they did attach a bunch of documents to a request to admit, which consisted of 83 pages and 81 pages of email, they again never specified for the court which of these documents they are claiming they should have but never received. Well, what did they attach those documents to? A request to admit. And there was a pending motion to reconsider? Right. Was there ever any attempt to have the court consider the documents attached to the request to admit in its consideration of the motion to reconsider? No, there was not. But in any event, the court did note that many of those documents were not even responsive to his request because it was outside of the time frame, and many were these outlook calendar appointment notices. And to the extent that they're seeking the outlook calendar appointment notices, those are clearly not newly discovered evidence because they were specifically told about those well before the hearing. In the response to their FOIA request, the department told them that they had 245 electronic communications that they had received, and that a lot of these were not responsive and that the non-responsive documents were the outlook calendar appointment notices. And they at that time never said anything. They never requested those documents. They proceeded through this lawsuit and never mentioned those documents. So they're clearly not newly discovered evidence, and they've not identified any other evidence that they are claiming is newly discovered evidence. So the circuit court clearly could not have abused its discretion here where the plaintiff has never informed of the existence of any documents that were not available to it at the time of the original hearing and that if considered would likely change the court's decision. So for these reasons, we would ask that the circuit court's decision denying the motion to reconsider be affirmed. And as to their request to admit, the circuit court's decision denying their motion to make a finding that the defendants had admitted the facts and genuineness in their request to admit, that should also be affirmed. The circuit court found that their request to admit didn't comply with the Supreme Court rules because it didn't include a warning. Rule 216G specifically says that the request to admit must include a warning in boldface type, and their request to admit didn't include that. Therefore, the court did not abuse its discretion with acting pursuant to the Supreme Court rule. In addition, there's no basis for finding that the defendants had admitted the facts or genuineness in the document in their request to admit because they timely filed an objection to that. Their argument that their objection should have been sworn has no basis. It was an objection. Objections do not need to be sworn. Their claim that certain phrases in there needed to be sworn, in particular they were saying that the provision where they said that they couldn't answer the request to admit with either an admit or deny because it contained multiple parts, that's clearly an objection to the form of the request to admit. So that did not need a sworn statement. So for all of these reasons, we would ask that the circuit court's decision be affirmed. I'll just point out something. You had a non-final judgment there that sat for seven months and you had this motion to reconsider filed by plaintiff. There's a local circuit rule that says that if the motion sits for more than 90 days without having been called for hearing by the movement, you could have set it for hearing and gotten it before the court much sooner than it eventually was. Okay. Thank you. Ms. Payne, did you have a rebuttal? Yes. Thank you. Defendant speaks about the newly discovered evidence, whether plaintiffs utilized due diligence, whether the newly discovered evidence was material to the case, and whether it would change the decision and the fact that it was a comparable request to the defendant's and not an identical request. But I think that's irrelevant. It doesn't need to be an identical request. When we have a case and we have a question and we want to show the court evidence of something and we find it through another means, the way that we find it doesn't need to be identical. It just has to contain that evidence within that. So it doesn't need to be an identical request. Comparable is the phrase we use because it does include, like I said, there is the overlap between the two Freedom of Information Act requests. It doesn't need to be identical. The plaintiff did exercise due diligence. The plaintiff did everything that he was supposed to do. Defendants showed up on the day of the original hearing with some documents, presented some documents to the trial court judge. Some documents were given to the plaintiff. And so there was no way to know that there were original documents until they found out later. Freedom of Information Act is very particular and specific in that way. It's quite unique, actually. And it has to do with a plaintiff asking for something from defendant. And if defendant doesn't provide that, it's difficult to acquire evidence to show that he didn't do something, as opposed to in any other type of tort case or another type of case where a plaintiff is showing that defendant did something. Because in this case we're trying to show that defendant did not do something. Number one, it's difficult for him to have been able to do that. And number two, he did utilize all avenues that he was able to to try to get those documents. And to be honest, defendants should have provided documents originally. And so there's nothing in Freedom of Information Act, any type of vehicle for plaintiffs, private taxpaying citizens or businesses or reporters or anyone else, nothing to utilize for when defendants say, we don't have this, this is irrelevant, except for what plaintiff did, or he asked the court in his complaint to order that they provide an index of records which is in line with Freedom of Information Act. The court did not do that. If they had done that, they could have a list of documents and that's something that they could have utilized as well. As far as the request to admit and the 216G warning, that warning would be applicable to, number one, when a plaintiff is saying, or a petitioner is saying, if you don't respond, this will be, the facts will be deemed true and the documents deemed genuine. But we did have a second portion of that document which asked the court to order that defendants at least provide a responsive pleading. And when defendant talks about the fact that they were saying they couldn't admit or deny, that did fall under the first section where it said they did need a sworn statement. Thank you. Thank you, counsel. We'll take this matter under advisement and stand in recess.